**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

BROADCAST MUSIC, INC.; BEECHWOOD
MUSIC CORPORATION; HOUSE OF CASH,
INC.; SONGS OF UNIVERSAL, INC.; EMI
VIRGIN SONGS, INC. d/b/a EMI
LONGITUDE MUSIC; SONY/ATV SONGS
LLC; THE BERNARD EDWARDS
COMPANY LLC; RONDOR MUSIC
INTERNATIONAL, INC. d/b/a IRVING
MUSIC; ADULT MUSIC; SCREEN GEMS-
EMI MUSIC, INC.; UNIVERSAL-SONGS OF
POLYGRAM INTERNATIONAL, INC.;
CYANIDE PUBLISHING; ESCATAWPA
SONGS,

      Plaintiffs,

  v.

CITY & COUNTRY TAVERN, LLC d/b/a
CITY & COUNTRY TAVERN; ANTHONY
G. RAHE and KELLY L. RAHE, each
individually,

      Defendants.

Civil No. 15-3441 (JNE/BRT)
ORDER

      This action alleges copyright violations by way of unauthorized public performances of nine songs. Defendants have failed to appear in the action, and the Clerk of Court entered default against each of them on December 22, 2015. Dkt. No. 14. On May 4, 2016, Plaintiffs moved for entry of default judgment ("Motion"). Dkt. No. 15. In support of the Motion, Plaintiffs submitted the declaration of Renée S. Wolfe, Attorney, Legal for Plaintiff Broadcast Music, Inc. ("BMI"), Dkt No. 18; the declaration of Brian Mullaney, Vice President, Sales, Licensing for BMI, Dkt. No. 19; and the declaration of William D. Schultz, outside counsel for BMI in this matter, Dkt. No. 20. Defendants have not opposed the Motion, and the deadline for

filing an opposition has passed. The Court in its discretion determined that a hearing on the Motion was unnecessary because it could be decided on the papers submitted. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008); *see also* Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings . . . to enter or effectuate judgment . . . .") (emphasis added). The date on which a hearing was originally schedule has also passed. *See* Dkt. No. 23. Based on the files, records, and proceedings herein, and consistent with *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010), the Court makes the following findings of fact and conclusions of law.

**Factual Findings**

1.  Plaintiff BMI is a performing rights society that has been granted the right to license the public performance rights in many copyrighted musical compositions, including the nine at issue here: (i) "Another One Bites the Dust," (ii) "Folsom Prison" a/k/a "Folsom Prison Blues," (iii) "Gimme Three Steps," (iv) "Good Times" a/k/a "Rappers' Delight," (v) "Hard To Handle," (vi) "I Want You To Want Me," (vii) "Jessie's Girl," (viii) "Nothin' But A Good Time," and (ix) "Kryptonite" (the "Compositions"). Compl. ¶¶ 3, 26, 29; *id.* Ex. A.

2.  Plaintiffs Beechwood Music Corporation; House of Cash, Inc.; Songs of Universal, Inc.; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music; Sony/ATV Songs LLC; The Bernard Edwards Company LLC; Rondor Music International, Inc. d/b/a Irving Music; Adult Music; Screen Gems-EMI Music, Inc.; Universal-Songs of Polygram International, Inc.; Cyanide Publishing; and Escatawpa Songs own the registered copyrights to the nine Compositions. Compl. ¶¶ 4-16, 26, 29; *id.* Ex. A.

3.  Defendant City & Country Tavern, LLC is a limited liability company organized and existing under the laws of the State of Minnesota, which operates, maintains and controls an

establishment known as City & Country Tavern, located at 122-124 Vernon Avenue, Morgan, Minnesota 56266 (the "Establishment").  Compl. ¶ 17.

4. In connection with the operation of the Establishment, Defendant City & Country Tavern, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.  Compl. ¶ 18.

5. Defendant City & Country Tavern, LLC has a direct financial interest in the Establishment.  Compl. ¶ 19.

6. Defendant Anthony G. Rahe is a member of Defendant City & Country Tavern, LLC with responsibility for the operation and management of that limited liability company and the Establishment.  Compl. ¶ 20.

7. Defendant Anthony G. Rahe has the right and ability to supervise the activities of Defendant City & Country Tavern, LLC and a direct financial interest in that limited liability company and the Establishment.  Compl. ¶ 21.

8. Defendant Kelly L. Rahe is a member of Defendant City & Country Tavern, LLC with responsibility for the operation and management of that limited liability company and the Establishment.  Compl. ¶ 22.

9. Defendant Kelly L. Rahe has the right and ability to supervise the activities of Defendant City & Country Tavern, LLC and a direct financial interest in that limited liability company and the Establishment.  Compl. ¶ 23.

10. Between April 2014 and June 2015, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music and offered to enter into a blanket license agreement with the Defendants that would allow them to publicly perform any of the works that BMI has the right to license.  Mullaney Decl. ¶¶ 3-9, 12, 13.  BMI has

offered evidence that if the Defendants had entered into an agreement with BMI beginning in April 2014, the license fees would have cost approximately $4,440 for the April 2014 to March 2015 period, $4,488 from April 2015 to March 2016, and $4,584 for the year beginning in April 2016, for a total of approximately $10,074 in estimated license fees from April 2014 through the present date.  *Id.* ¶ 17.  Offering a different estimate, one of the letters that BMI sent Defendants suggested a license fee of $1,850 for the April 2014 through March 2015 period, a rate which if applied through June 2016 would have yielded license fees for BMI of approximately $4,200.  *See* Mullaney Decl. Ex. B (Sept. 10, 2014 letter), Dkt. No. 19-2.

11.  BMI contacted Defendants approximately 50 times to inform them of the risks of publicly performing copyrighted works without authorization and attempted to enter into a license agreement with Defendants, but Defendants did not enter into such an agreement.  Mullaney Decl. ¶¶ 3-9, 12, 13, 16.

12.  On June 20, 2015, Defendants publicly performed and/or caused to be publicly performed at the Establishment each of the nine Compositions without a license or permission to do so.  Compl. ¶ 30.

13.  Defendants continue to provide at the Establishment unauthorized public performances of copyrighted works that BMI has the right to license.  Compl. ¶ 31.

14.  On August 28, 2015, Plaintiffs filed the complaint (with Exhibit A) in this action.  Compl. ¶ 25.

15.  On December 22, 2015, the Clerk of Court entered default against each of the Defendants for failure to plead or otherwise defend in this action.

16. Plaintiffs seek an award of statutory damages in the amount of $27,000, entry of a permanent injunction, an award of costs (including reasonable attorney fees) in the amount of $5,260.75, and interest on the awards. Dkt. No. 15.

## Legal Conclusions

17. Defendants infringed the copyrights in the Compositions by violating Plaintiffs' exclusive rights to publicly perform those works. *Cass Cnty. Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 637 (8th Cir. 1996); 17 U.S.C. § 501.

18. Defendants Anthony G. Rahe and Kelly L. Rahe are personally liable, jointly and severally with Defendant City & Country Tavern, LLC, for the infringements. *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 834 (8th Cir. 1992).

19. Defendants are liable for statutory damages under the Copyright Act. 17 U.S.C. § 504. The amount of statutory damages per work infringed can range from $750 to $30,000 "as the court considers just." *Id.* § 504(c)(1). Statutory damages for willful infringement may be as high as $150,000, *id.* § 504(c)(2), but Plaintiffs in this case do not request an award above the ordinary $30,000 upper limit.

20. Copyright statutory damages are "by definition a substitute for unproven or unprovable actual damages." *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 910 (8th Cir. 2012) (quoting *Cass Cnty. Music*, 88 F.3d at 643). "The necessary flexibility to do justice in the variety of situations which copyright cases present can be achieved only by exercise of the wide judicial discretion" within the statutory range. *F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952). After careful consideration, the Court awards $6,750 in statutory damages.

21.     The Court will also issue a permanent injunction pursuant to 17 U.S.C. § 502(a) to prevent Defendants from infringing the copyrighted musical compositions licensed by BMI, including the Compositions.  Plaintiffs have succeeded on the merits, and the Court is satisfied that Plaintiffs have suffered irreparable injury; that remedies available at law are inadequate to compensate for that injury; that, considering the balance of hardships between Plaintiffs and Defendants, an equitable remedy is warranted; and that the public interest would not be disserved by a permanent injunction.  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-92 (2006); *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999).  Any future infringement by Defendants that contravenes this injunction could subject them to sanctions.  *E.g.*, *F.T.C. v. Neiswonger*, 580 F.3d 769 (8th Cir. 2009) (affirming contempt order for violating a permanent injunction).[1]

22.     The Court will allow Plaintiffs the recovery of costs, including reasonable attorney's fees, as the prevailing party.  17 U.S.C. § 505.  An award of fees in a case like this one promotes the purposes of the Copyright Act by encouraging artists and rights holders to enforce their rights in meritorious cases.  *See Kirtsaeng v. John Wiley & Sons, Inc.*, No. 15-375, — S. Ct. —, 2016 WL 3317564, at *5-6 (U.S. June 16, 2016).  Plaintiffs' counsel has adequately supported the reasonableness of its rates in this case and has explained what services the attorneys provided to date under a $4,500 flat-fee arrangement, but did not provide a record of how much time was expended.  *See* Schultz Decl.  The Court's review of the offered support for the fee award and of the entire record leads it to conclude that Plaintiffs' counsel has achieved a

---

[1] Further, although the Court does not reach the question of whether the infringements in this case were willful because Plaintiffs have not sought statutory damages in excess of $30,000 per work, it cautions Defendants that the judgment in this action will make it difficult to avoid a conclusion, in the event of any future copyright infringement, that they infringed willfully, *i.e.*, with "knowledge that an act constitutes an infringement." *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988) (citation omitted).

good result for their clients in this case through efficient work, building off of work done in previous similar litigation. Efficiency is commendable but does not in this case support an award of the entire flat fee of $4,500. From what can be gathered from the record in the absence of time records, an award of $2,500 is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs also requested compensation for any attorney time spent preparing for a hearing on this Motion, but given that the Court cancelled the hearing with ample advance notice to the parties, such an award is unnecessary. The Court will also award the $760.65 in costs that Plaintiffs have documented in itemized form. Schultz. Decl. Ex. D.

23. Plaintiffs are entitled to post-judgment interest in accordance with 28 U.S.C. § 1961.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Default Judgment as to Defendants [Dkt. No. 15] is GRANTED.

2. Plaintiffs shall recover from Defendants City & Country Tavern, LLC, Anthony G. Rahe, and Kelly L. Rahe, jointly and severally, statutory damages in the amount of $6,750.00.

3. Defendants City & Country Tavern, LLC, Anthony G. Rahe, and Kelly L. Rahe and their agents, servants, employees, and all persons acting under their permission or authority shall be PERMANENTLY ENJOINED and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

4. Plaintiffs shall recover from Defendants City & Country Tavern, LLC, Anthony G. Rahe, and Kelly L. Rahe, jointly and severally, costs in this action in the amount of $3,260.65.

5. Plaintiffs shall recover from Defendants City & Country Tavern, LLC, Anthony G. Rahe, and Kelly L. Rahe, jointly and severally, interest on the full amount of this judgment, from the date of this judgment, pursuant to 28 U.S.C. § 1961.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 27, 2016

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge